**Jonathan Neal JARNIG,**
**Plaintiff–Appellant,**

v.

**Lori WADE, Defendant–Appellee.**

No. 07–36055.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2009.*

Filed April 6, 2009.

Before: LEAVY, HAWKINS, and TASHIMA, Circuit Judges.

MEMORANDUM **

Jonathan Neal Jarnig, an Alaska state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that the defendant interfered with his access to courts. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. *Blankenhorn v. City of Orange*, 485 F.3d 463, 470 (9th Cir.2007). We may affirm on any ground supported by the record. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir.1992). We affirm.

The district court properly granted summary judgment because quasi-judicial immunity bars civil actions for damages against the defendant, who is the Deputy Court Clerk for Alaska's Appellate Courts, arising from the performance of duties that are functionally comparable to those of judges. *See Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 947–48 (9th Cir. 2002) (concluding that judicial immunity "extends to nonjudicial officers for all claims relating to the exercise of judicial functions," including administrative acts that are part of the judicial process) (internal quotation marks and citation omitted); *see also Mullis v. U.S. Bankr. Court*, 828 F.2d 1385, 1390 (9th Cir.1987) ("Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process.").

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.